IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| YUSEF ALEXANDER, GEORGE BURGESS, ) <br> BRIAN CAMPBELL, LYLE JOHNSON, ) <br> KRISTEN BOSTICK, KASHIEM REED, ) <br> and AL SAMPSON, individually and ) <br> on behalf of all others similarly situated, ) <br> ) <br> **Plaintiffs,** ) <br> ) <br> v. ) <br> ) <br> CYDCOR, INC., ) <br> ) <br> **Defendant.** ) | **CIVIL ACTION** <br><br> **NO. _____** |

## COMPLAINT

COME NOW the Plaintiffs Yusef Alexander ("Alexander"), George Burgess ("Burgess"), Brian Campbell ("Campbell"), Lyle Johnson ("Johnson"), Kristen Bostick ("Bostick"), Kashiem Reed ("Reed"), and Al Sampson ("Sampson") (collectively "Plaintiffs"), by and through their undersigned counsel, and file this Complaint as follows:

1.

Plaintiffs bring this lawsuit on their own behalf, and on behalf of all those similarly situated, against Defendant CYDCOR, Inc. ("CYDCOR") to recover overtime pay, liquidated damages, prejudgment interest, costs, and attorney's fees

under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq. Plaintiffs hereby file with the Court their "Opt-in Consents" to join this collective action under 29 U.S.C. § 216(b) by attaching them hereto as Appendix A. Plaintiffs also bring this lawsuit to recover unpaid bonuses and other wages and compensation under the laws of each state in which such Plaintiffs or Similarly Situated Employees were employed by CYDCOR.

## Parties

2.

Plaintiff Alexander has worked for CYDCOR within this judicial district first as a Sales Representative, then as a Senior Sales Supervisor, within the period beginning three years prior to the filing date of this Complaint (the "relevant period").

3.

Plaintiff Burgess has worked for CYDCOR out of Nebraska, with responsibility for North Dakota, South Dakota, Nebraska, Iowa, and Minnesota, as a Senior Sales Supervisor, within the relevant period.

4.

Plaintiff Campbell has worked for CYDCOR within this judicial district as a Senior Sales Supervisor within the relevant period.

5.

Plaintiff Johnson has worked for CYDCOR within this judicial district as a Sales Representative within the relevant period.

6.

Plaintiff Bostick has worked for CYDCOR within this judicial district as a Sales Representative within the relevant period.

7.

Plaintiff Reed has worked for CYDCOR within this judicial district as a Sales Representative within the relevant period.

7.

Plaintiff Sampson has worked for CYDCOR within this judicial district as a Sales Representative within the relevant period.

8.

Plaintiffs bring this action both individually, and as a collective action under 29 U.S.C. § 216(b) on behalf of CYDCOR's current and former Sales Representatives and Senior Sales Supervisors who work or worked under the same Regional Manager during the relevant period (collectively, the "Similarly Situated Employees").

9.

Upon information and belief, CYDCOR is a Delaware corporation with its principal place of business in California, and may be served with process through its registered agent, Corporation Service Company, 40 Technology Parkway South, Suite 300, Norcross, GA 30092 (Gwinnett County).

**Jurisdiction and Venue**

10.

Pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b), this Court has original jurisdiction over the claims set forth in this Complaint which arise under the FLSA, and pursuant to 28 U.S.C. § 1367, this Court shall have supplemental jurisdiction over Plaintiffs' state law claims alleging breach of employment compensation agreement and unpaid wages.

11.

CYDCOR employs Plaintiffs and others in this judicial district, is registered to transact business in the State of Georgia, and reported its principal place of business in its 2011 annual registration with the Secretary of State of the State of Georgia as being 3011 Townsgate Road, #400, Westlake Village, CA 91361.

12.

CYDCOR is an enterprise engaged in commerce for purposes of the Fair Labor Standards Act ("FLSA"), with annual gross revenues in excess of $500,000, and is also an "employer" under the FLSA.

## Facts Related To All Counts

13.

Plaintiffs and the Similarly Situated Employees performed similar job duties during the relevant period and were subjected to similar pay practices while employed as Sales Representatives and/or Senior Sales Supervisors at CYDCOR, and are "employees" entitled to the protections of the FLSA pursuant to 29 U.S.C. §§ 203(e) & 207(a).

14.

Pursuant to their compensation agreements, Plaintiffs and the Similarly Situated Employees were paid by the hour for their work for, on behalf of, or by assignment to CYDCOR.

15.

CYDCOR classified Plaintiffs and the Similarly Situated Employees as hourly paid non-exempt employees under the FLSA.

16.

Based on their job duties and hourly compensation, Plaintiffs and the Similarly Situated Employees were hourly paid non-exempt employees under the FLSA.

17.

On numerous occasions during the relevant period, CYDCOR suffered or permitted the Plaintiffs and the Similarly Situated Employees to work more than 40 hours in a work week without receiving overtime compensation at the rate of (i) straight-time pay for hours and all other compensation owed up to 40 in a workweek and (ii) time-and-a-half their properly calculated regular rate for hours worked over 40 under the FLSA -- i.e., their regular rate inclusive of hourly rate and all other compensation not otherwise excludable under 29 U.S.C. § 207(e) ("regular rate").

18.

CYDCOR, acting through its Regional Manager with supervisory authority over Plaintiffs and the Similarly Situated Employees, altered time records, entered inaccurate time entries, or failed to enter corrections to time entries when notified of discrepancies, as a matter of common practice resulting in the underpayment of

wages (and under-calculation of regular rate and overtime pay) on numerous occasions during the relevant period.

19.

CYDCOR also failed to pay Plaintiffs and the Similarly Situated Employees certain non-discretionary bonuses that were promised in advance of work performed, including but not limited to Most Valuable Rep ("MVR") bonuses and $100 "benefits" bonuses (collectively "non-discretionary bonuses"), for which Plaintiffs and the Similarly Situated Employees satisfied all conditions precedent for earning such bonuses.

20.

The non-discretionary bonuses earned by Plaintiffs and the Similarly Situated Employees, but unpaid by CYDCOR, were required to be included in the regular rate calculations in determining the correct regular rate upon which Plaintiffs and the Similarly Situated Employees were owed overtime pay at the rate of time and a half for hours worked over 40 in a workweek, but CYDCOR failed to include non-discretionary bonuses (whether paid, or earned but unpaid) in calculating their applicable regular rate.

21.

CYDCOR also failed to pay certain Plaintiffs and Similarly Situated Employees certain sales contest payments (including but not limited to the "March Madness Contest" that were promised in advance of work performed, (collectively "sales contest payments"), for which certain Plaintiffs and Similarly Situated Employees satisfied all conditions precedent for earning such sales contest bonuses.

22.

The sales contest bonuses earned by certain Plaintiffs and Similarly Situated Employees, but unpaid by CYDCOR, were required to be included in the regular rate calculations in determining the correct regular rate upon which such Plaintiffs and Similarly Situated Employees were owed overtime pay at the rate of time and a half for hours worked over 40 in a workweek, but CYDCOR failed to include sales contest bonuses (whether paid, or earned but unpaid) in calculating their applicable regular rate.

23.

Plaintiffs and the Similarly Situated Employees were entitled to additional premium pay for working on holidays, which was required to be included in the regular rate calculations in determining the correct regular rate upon which

Plaintiffs and the Similarly Situated Employees were owed overtime pay at the rate of time and a half for hours worked over 40 in a workweek, but CYDCOR failed to include premium pay for working on holidays (whether paid, or earned but unpaid) in calculating their applicable regular rate during the relevant period.

24.

CYDCOR also failed to pay certain Plaintiffs and Similarly Situated Employees working on the Wal-Mart teams certain commissions that were promised in advance of work performed, (collectively "commissions"), for which certain Plaintiffs and Similarly Situated Employees satisfied all conditions precedent for earning such commissions.

25.

The commissions earned by certain Plaintiffs and Similarly Situated Employees, but unpaid by CYDCOR, were required to be included in the regular rate calculations in determining the correct regular rate upon which such Plaintiffs and Similarly Situated Employees were owed overtime pay at the rate of time and a half for hours worked over 40 in a workweek, but CYDCOR failed to include commissions (whether paid, or earned but unpaid) in calculating their applicable regular rate.

26.

According to page 49 of its centralized Team Member Orientation Binder applicable to Plaintiffs and all other CYDCOR employees, CYDCOR had in place during the relevant period a centralized, common, uniformly applied illegal "comp time" policy which provided for the taking of "comp time" hours off in lieu of overtime pay for overtime hours worked in violation of the FLSA, which stated:

> Non-exempt team members are compensated for overtime pursuant to current federal and state wage and hour law. Cydcor, at its discretion, may pay the overtime or give the team member an appropriate number of hours off within the pay period.
> If Cydcor exercises its option to schedule the team member for comp time off, the team member will be directed to take time off before the end of the pay period *equivalent to the number of "extra" hours of pay caused by the working of overtime hours*.

27.

Despite being aware that the FLSA applied to its employees, and despite having received complaints within the relevant period from certain Plaintiffs and Similarly Situated Employees regarding failure to pay compensation for all hours actually worked and failure to pay bonuses and overtime compensation owed, CYDCOR violated and continues to willfully violate the FLSA by not paying Plaintiffs or the Similarly Situated Employees overtime compensation at the rate of one and a half times their proper regular rate for all hours worked over 40 during

the relevant period, in addition to liquidated damages and interest for overtime not paid in each paycheck for the applicable pay period.

28.

Upon information and belief, CYDCOR has failed to keep all records required by 29 U.S.C. § 211(c) regarding the wages, hours, and other conditions of employment of the Plaintiffs and the Similarly Situated Employees for the time period required by law.

### Count 1: FLSA – Individual Action

29.

Plaintiffs incorporate herein the allegations contained in the preceding paragraphs.

30.

CYDCOR failed to pay Plaintiffs the overtime compensation owed to them under, and in the manner required by, the FLSA for all of their hours worked over forty in a work week during the relevant period.

31.

CYDCOR's violations of the FLSA as alleged herein were willful.

32.

Plaintiffs are entitled to recover their back overtime pay at the rate of one and a half times their regular rate, in addition to an equivalent amount as liquidated damages, prejudgment interest, attorney's fees, and costs pursuant to 28 U.S.C. § 216(b).

### Count 2: FLSA – Collective Action

33.

Plaintiffs incorporate herein the allegations contained in the preceding paragraphs.

34.

CYDCOR failed to pay Plaintiffs and the Similarly Situated Employees the overtime compensation owed to them under, and in the manner required by, the FLSA.

35.

CYDCOR's violations of the FLSA as alleged herein were willful.

36.

Plaintiffs and the Similarly Situated Employees are entitled to recover their back overtime pay at one and a half times their regular rate, in addition to an

equivalent amount as liquidated damages, prejudgment interest, attorney's fees, and costs pursuant to 28 U.S.C. § 216(b).

## Count 3: State Law Claims for Breach of Compensation Agreement and/or Unpaid Wages

37.

Plaintiffs incorporate by reference herein the allegations contained in the preceding paragraphs.

38.

During the relevant period, Plaintiffs and the Similarly Situated Employees were not paid their non-discretionary bonuses, sales contest payments, and/or holiday premium pay owed under their compensation agreements with CYDOR for hours worked, nor were they paid for all hours worked in workweeks during which Plaintiffs and the Similarly Situated Employees worked less than 40 hours (a "non-overtime work week").

39.

Plaintiffs and the Similarly Situated Employees are therefore owed their unpaid wages and all other compensation for hours worked in non-overtime work weeks during the relevant period.

40.

Certain Plaintiffs have made demand to CYDCOR individually and on behalf of other Plaintiffs and/or Similarly Situated Employees for payment of their unpaid wages and other compensation, but CYDCOR has acted in bad faith and has been stubbornly litigious in refusing to pay Plaintiffs the wages and compensation owed.

41.

Therefore, in addition to the damages owed to Plaintiffs and the Similarly Situated Employees for breach of their employment compensation agreements and/or unpaid wages, Plaintiffs and the Similarly Situated Employees are also entitled to recover their attorney's fees and litigation costs pursuant to applicable state law, including but not limited to O.C.G.A. §§ 9-11-68, 9-15-14, and/or 13-6-11 for Georgia employees.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs request that this Court:

1. Award Plaintiffs and the Similarly Situated Employees their back overtime pay at one and a half times their properly calculated regular rate, an equivalent amount as liquidated damages, and prejudgment interest for all hours

worked over 40 in a work week during the time period beginning three years prior to the filing date of this Complaint through the date of judgment;

2. Award Plaintiffs and the Similarly Situated Employees their unpaid wages and all compensation for hours worked in non-overtime weeks during the maximum statute of limitations period prior to the filing date of this Complaint or the filing of an Opt-In Consent as applicable, through the date of judgment;

3. Award Plaintiffs and the Similarly Situated Employees their costs and attorney's fees; and

4. Grant such further other and further relief as the Court finds just and proper in this action.

PLAINTIFFS DEMAND A TRIAL BY JURY.

Respectfully submitted this 13th day of May, 2011.

*s/ C. Andrew Head*
Georgia Bar No. 341472
Attorneys for Plaintiff
Fried & Bonder, LLC
White Provision, Ste. 305
1170 Howell Mill Rd, NW
Atlanta, Georgia 30318
(404) 995-8808
(404) 995-8899(facsimile)
Email: ahead@friedbonder.com