## SETTLEMENT AGREEMENT AND MUTUAL RELEASE OF ALL CLAIMS

This Settlement Agreement and Mutual Release of All Claims ("Agreement") is made by and between Plaintiffs Yusef Alexander ("Alexander," a "Plaintiff"), George Burgess ("Burgess," a "Plaintiff"), Brian Campbell ("Campbell," a "Plaintiff"), Lyle Johnson ("Johnson," a "Plaintiff"), Kristen Bostick ("Bostick," a "Plaintiff"), Kashiem Reed ("Reed," a "Plaintiff") and Al Sampson ("Sampson," a "Plaintiff") (collectively "Representative Plaintiffs"), on behalf of themselves and all Sales Representatives who file Opt-In Consents to join this Lawsuit by the September 7, 2012 filing deadline set by the Court ("Opt-In Plaintiffs") authorizing such Representative Plaintiffs to make decisions on their behalf including settlement (collectively "Plaintiffs"), and Defendant CYDCOR, Inc. and its successor by merger CYDCOR LLC (the "Company" or "Defendant").  Representative Plaintiffs and Defendant shall be referred to collectively herein as the "parties" and separately as a "party."

## RECITALS

WHEREAS, Representative Plaintiffs filed a civil action against Defendant CYDCOR, Inc. in a case styled *Alexander, et al v. CYDCOR, Inc.*, 1:11-CV-01578-SCJ ("Lawsuit"), which is pending in the United States District Court for the Northern District of Georgia,

WHEREAS, Defendant denies any violations of law and deny any liability to Plaintiffs, but wishes to avoid further legal fees and expenses of litigation, and

WHEREAS, the parties hereto wish to resolve all of their disputes and settle these matters in a manner that will avoid the need for further litigation,

NOW THEREFORE, in consideration of material covenants and promises contained herein, the parties agree as follows:

1.     **Consideration.**  Defendant agrees to make the following payments and provide the following consideration to Plaintiffs:

a.     Payments to Senior Sales Supervisors: Defendant agrees to pay the total sum of Thirty-Eight Thousand Dollars ($38,000.00) to Senior Sales Supervisors Alexander, Burgess and Campbell (each a "Senior Sales Supervisor" and collectively "Senior Sales Supervisors"), exclusive of attorney's fees and costs, within ten (10) days of the Court's order approving settlement.  This $38,000.00 settlement payment amount will be paid by separate checks to each Senior Sales Supervisor pursuant to the allocation and apportionment set forth on the attached Exhibit A;

b.     Payments to Sales Representatives: Defendant agrees to pay the Sales Representatives as follows:

i.     The total sum of Fifty-Two Thousand Dollars ($52,000.00) to the

collective group of Sales Representatives consisting of all Representative Plaintiffs who are not Senior Sales Supervisors as defined herein and all Opt-In Plaintiffs (each a "Sales Representative" and collectively the "Sales Representatives") who filed Opt-In Consents to join the Lawsuit received by Plaintiffs' counsel within the deadline set by the Court for filing Opt-In Consents, exclusive of attorney's fees and costs, within the period set forth in subparagraph (ii) herein..  This $52,000.00 settlement payment amount will be paid by separate checks to each Sales Representative pursuant to the allocation and apportionment set forth on the attached Exhibit A;

       ii.   <u>No Reversion to Defendant</u>: In order for a non-Representative Plaintiff Sales Representative to receive his or her allocated settlement payment as set forth in the attached Exhibit A, the non-Representative Plaintiff Sales Representative must sign a limited release of claims in the form attached hereto as Exhibit B and return that release to Plaintiffs' counsel of record within thirty (30) days of receipt of same from Plaintiffs' counsel, for prompt delivery to Defendant.  If a non-Representative Plaintiff Sales Representative fails to sign and return the release of claims contemplated herein with the time provided or otherwise affirmatively communicates to Plaintiffs' counsel of record his or her refusal to sign (individually a "Rejector" and collectively "Rejectors"), the Rejector's Opt-In Consent filed in this Lawsuit will be withdrawn without prejudice by stipulation of the Parties, the Rejector will not be deemed to have released any claims by virtue of his or her participation in the Lawsuit, and the amount allocated for payment to each such Rejector shall be reallocated *pro rata* to the remaining non-Rejector Sales Representatives.  Defendant shall issue the final allocated settlement payments to each non-Rejector Sales Representative by delivery to Plaintiffs' counsel within ten (10) days of receiving from Plaintiffs' counsel all releases signed by the non-Rejector Sales Representatives and the final allocation inclusive of any reversion to the settling class of non-Rejector Sales Representatives;

       c.   <u>Payments to Plaintiffs' Counsel for Attorney's Fees and Costs</u>:  After concluding separate negotiation of the settlement payment amounts set forth in Section 1(a) and (b), the parties then separately negotiated and Defendant agrees to pay the amount of Forty-Five Thousand Dollars ($45,000.00) to Plaintiffs' Counsel of record for Plaintiffs' fees and costs.  No Plaintiff will be required to pay any fees and costs out of their settlement payment amounts set forth above in  Sections 1(a) and (b), and Plaintiffs' counsel of record agrees to accept as its only fee and cost payment this amount paid to Plaintiffs' counsel of record by Defendant.  This amount will be payable in two equal installments, the first of which ($22,500.00) will be due within ten (10) days after approval of this Agreement by the Court, the second of which ($22,500.00) will be due within ten (10) days after the payment due under Section 1(b) is made by Defendant. In payment of each installment, Defendant will deliver to Plaintiffs' counsel a check payable to "Fried & Bonder, LLC," to be reported in box #14 on IRS Form 1099-MISC.

      The parties acknowledge the adequacy of consideration provided herein by each to the other, that this is a legally binding document, and that they intend to comply with and be faithful to its terms.

**2.    Court Approval and Dismissal of Lawsuit.**  By executing this Agreement, the parties agree to file this Agreement in the Lawsuit (not under seal) for Court approval within seven days of signature by all parties.  The parties agree to file mutual dismissals with prejudice of all Representative Plaintiffs' and non-Rejector Sales Representatives' claims in the Lawsuit upon settlement approval and after Defendant's payment in full under Section 1.  The parties will request that the Court administratively close this case upon settlement approval.

**3.    Mutual Releases.**

a.    <u>Representative Plaintiffs</u>:  In consideration for this Agreement, Representative Plaintiffs hereby settle, waive, release and discharge those claims, and only those claims, against Defendant for (i) unpaid minimum wages, overtime compensation, liquidated damages, and/or retaliation which arise specifically under the Fair Labor Standards Act ("FLSA"), and (ii) unpaid wages, bonus, commissions, prizes or contractual compensation for hours worked or services performed for CYDCOR, Inc. which arise under state law, whether known or unknown that Representative Plaintiffs may have or may have had as of the date this Agreement is duly executed which arose at any time and which may arise at any time until this Agreement is duly executed.  No other claims are released by the Representative Plaintiffs herein, and their filing of the Lawsuit shall have no *res judicata* effect on any claims not specifically released hereunder.

b.    <u>Non-Representative Plaintiffs</u>:  The Representative Plaintiffs, pursuant to the authority granted to them by each non-Representative Plaintiff in their signed Opt-In Consent as filed with and approved by the Court, hereby agree that any non-Representative Plaintiff must as a condition precedent to receiving their allocated settlement payment sign a release in the form attached hereto as Exhibit B, which release is expressly limited to the following claims: non-Representative Plaintiffs would settle, waive, release and discharge those claims, and only those claims, against Defendant for unpaid overtime compensation and liquidated damages under the FLSA for hours worked or services performed for CYDCOR, Inc. which were within the definition of FLSA claims conditionally certified in the Court's Order [Doc. 22] in the Lawsuit limited to the time period of June 30, 2010 through June 30, 2011 defined as the "relevant period" by the Court's Order [Doc. 22] in the Lawsuit (the "Relevant Period"), whether known or unknown that Representative Plaintiffs may have or may have had as of the date the release is duly executed which arose during the Relevant Period.  No other claims will be released by the non-Representative Plaintiffs in order to receive settlement payments hereunder, and their filing of an Opt-In Consent in the Lawsuit shall have no *res judicata* effect on any claims not specifically released hereunder.

c.    <u>Defendant</u>:  Likewise, in consideration for this Agreement, Defendant *hereby agrees to settle, waive, release and discharge those claims, and only those claims, against* any Plaintiff who executes a release related to this settlement which arise out of the claims made by such releasing Plaintiff that are being released in this settlement, whether known or unknown at this time that Defendant may have or may have had as of the date this Agreement is duly

executed which arose at any time and which may arise at any time until this Agreement is duly executed. No other claims are released by the Defendant herein.

**4.     Modification.** No modification, amendments, cancellation, deletion, addition, extension or other changes in this Agreement shall be effective for any purpose unless specifically set forth in a written agreement signed by all parties. This Agreement constitutes a single, integrated written agreement containing the entire understanding between the parties regarding the subject matter hereof and supersedes and replaces any and all prior agreements and understandings, written or oral.

**5.     Non-Admission.** This Agreement does not constitute an admission by any Party to the Lawsuit that they have violated any law or statute and each Party specifically denies any such violation by them occurred.

**6.     Mutual Non-Disparagement.** Plaintiffs agree not to disparage the Company or any currently employed member of Defendant's management who Defendant's counsel has notified Plaintiffs' counsel is aware of this settlement as of the date of this Agreement, and Defendant agrees that any currently employed management employee who is aware of this settlement will not disparage Plaintiffs. In the event that a Party believes that this provision has been violated, the Party must provide the allegedly breaching Party with ten (10) days prior written notice of the alleged violation and opportunity to reasonably cure or refute the alleged violation by an objective person standard prior to filing any action alleging breach of this mutual non-disparagement provision.

**7.     When Agreement Becomes Effective; Counterparts; Signatures.** This Agreement shall become effective only on approval by the Court following its execution by the Parties. The Parties may execute this Agreement in counterparts, and execution in counterparts shall have the same force and effect as if the Parties had signed the same instrument. Signature of this Agreement delivered by facsimile or via emailing a .pdf scanned copy of signature shall be deemed effective as if executed in original.

**8.     Acknowledgment/Warranty.** By signing this Agreement, each Party acknowledges and warrants that:

a.     The Party has carefully read and fully understands every provision of this Agreement, including, without limitation, the mutual release of all claims listed in paragraph 3 above;

b.     The Party has been represented by counsel at all times during the Lawsuit and throughout negotiation of this settlement and had the opportunity to consult with counsel before signing this Agreement;

c.     The Party accepts this Agreement knowingly and voluntarily;

d.     The Party is fully authorized to execute this Agreement and has not assigned, transferred or pledged all or any portion of the claims hereby released; and

e.     The Parties separately negotiated Plaintiffs' damages from attorney's fees and costs, and did not negotiate the amount of fees and costs to be paid by Defendant under paragraph 1(e) until after the Parties settled the amount of payments and consideration to be provided to Plaintiffs net of fees and costs under paragraphs 1(a)-(b).

9.     **Continuing Jurisdiction:** Nothing in this Agreement is intended to limit the Court's authority to retain continuing and exclusive jurisdiction over the Parties to this Agreement, for the purpose of the administration and enforcement of this Agreement.

10.     **Confidentiality.**  Plaintiffs and Defendant agree that, unless required by law or court order, they will keep the terms of this Agreement, including all payments made by Defendant completely confidential.  Nothing in this section, however, shall prevent Plaintiffs or Defendant from (1) disclosing the terms of the Agreement to spouses or to their attorneys or other advisors they consult for professional advice (and each such person shall be apprised of their obligation to maintain confidentiality prior to any such disclosure); (2) disclosing facts or information contained or alleged in publically available documents made public through no breach of this Agreement, including but not limited to documents in the Lawsuit available to the public using PACER; (3) disclosing any terms of the Agreement made public by the Court or otherwise available to the public in the Lawsuit using PACER; or (4) disclosing any confidentiality obligations required by this Agreement.   Plaintiffs are also permitted to communicate directly with each other about the terms of the Agreement.

**PARTIES:**

REPRESENTATIVE PLAINTIFFS:

_____   11/30/12
Yusef Alexander                            Date

_____   _____
George E. Burgess                          Date

_____   _____
Brian Campbell                             Date

_____   _____
Lyle Johnson                               Date

_____   _____
Kristen Bostick                            Date

_____   _____
Kashiem Reed                               Date

1614731.1

5

d.      The Party is fully authorized to execute this Agreement and has not assigned, transferred or pledged all or any portion of the claims hereby released; and

e.      The Parties separately negotiated Plaintiffs' damages from attorney's fees and costs, and did not negotiate the amount of fees and costs to be paid by Defendant under paragraph 1(e) until after the Parties settled the amount of payments and consideration to be provided to Plaintiffs net of fees and costs under paragraphs 1(a)-(b).

9.      **Continuing Jurisdiction:** Nothing in this Agreement is intended to limit the Court's authority to retain continuing and exclusive jurisdiction over the Parties to this Agreement, for the purpose of the administration and enforcement of this Agreement.

10.      **Confidentiality.**  Plaintiffs and Defendant agree that, unless required by law or court order, they will keep the terms of this Agreement, including all payments made by Defendant completely confidential. Nothing in this section, however, shall prevent Plaintiffs or Defendant from (1) disclosing the terms of the Agreement to spouses or to their attorneys or other advisors they consult for professional advice (and each such person shall be apprised of their obligation to maintain confidentiality prior to any such disclosure); (2) disclosing facts or information contained or alleged in publically available documents made public through no breach of this Agreement, including but not limited to documents in the Lawsuit available to the public using PACER; (3) disclosing any terms of the Agreement made public by the Court or otherwise available to the public in the Lawsuit using PACER; or (4) disclosing any confidentiality obligations required by this Agreement.   Plaintiffs are also permitted to communicate directly with each other about the terms of the Agreement.

**PARTIES:**

REPRESENTATIVE PLAINTIFFS:

| | |
|---|---|
| Yusef Alexander | Date |
| *George C. Burgess* | 10-5-12 |
| George E. Burgess | Date |
| Brian Campbell | Date |
| Lyle Johnson | Date |
| Kristen Bostick | Date |
| Kashiem Reed | Date |

d. The Party is fully authorized to execute this Agreement and has not assigned, transferred or pledged all or any portion of the claims hereby released; and

e. The Parties separately negotiated Plaintiffs' damages from attorney's fees and costs, and did not negotiate the amount of fees and costs to be paid by Defendant under paragraph 1(e) until after the Parties settled the amount of payments and consideration to be provided to Plaintiffs net of fees and costs under paragraphs 1(a)-(b).

9. **Continuing Jurisdiction:** Nothing in this Agreement is intended to limit the Court's authority to retain continuing and exclusive jurisdiction over the Parties to this Agreement, for the purpose of the administration and enforcement of this Agreement.

10. **Confidentiality.** Plaintiffs and Defendant agree that, unless required by law or court order, they will keep the terms of this Agreement, including all payments made by Defendant completely confidential. Nothing in this section, however, shall prevent Plaintiffs or Defendant from (1) disclosing the terms of the Agreement to spouses or to their attorneys or other advisors they consult for professional advice (and each such person shall be apprised of their obligation to maintain confidentiality prior to any such disclosure); (2) disclosing facts or information contained or alleged in publically available documents made public through no breach of this Agreement, including but not limited to documents in the Lawsuit available to the public using PACER; (3) disclosing any terms of the Agreement made public by the Court or otherwise available to the public in the Lawsuit using PACER; or (4) disclosing any confidentiality obligations required by this Agreement. Plaintiffs are also permitted to communicate directly with each other about the terms of the Agreement.

**PARTIES:**

**REPRESENTATIVE PLAINTIFFS:**

Yusef Alexander                     Date

George E. Burgess                   Date

Brian Campbell                      11-26-12
                                    Date

Lyle Johnson                        Date

Kristen Bostick                     Date

Kashiem Reed                        Date

5
1614731.1

d.    The Party is fully authorized to execute this Agreement and has not assigned, transferred or pledged all or any portion of the claims hereby released; and

e.    The Parties separately negotiated Plaintiffs' damages from attorney's fees and costs, and did not negotiate the amount of fees and costs to be paid by Defendant under paragraph 1(e) until after the Parties settled the amount of payments and consideration to be provided to Plaintiffs net of fees and costs under paragraphs 1(a)-(b).

9.    **Continuing Jurisdiction:** Nothing in this Agreement is intended to limit the Court's authority to retain continuing and exclusive jurisdiction over the Parties to this Agreement, for the purpose of the administration and enforcement of this Agreement.

10.    **Confidentiality.** Plaintiffs and Defendant agree that, unless required by law or court order, they will keep the terms of this Agreement, including all payments made by Defendant completely confidential. Nothing in this section, however, shall prevent Plaintiffs or Defendant from (1) disclosing the terms of the Agreement to spouses or to their attorneys or other advisors they consult for professional advice (and each such person shall be apprised of their obligation to maintain confidentiality prior to any such disclosure); (2) disclosing facts or information contained or alleged in publically available documents made public through no breach of this Agreement, including but not limited to documents in the Lawsuit available to the public using PACER; (3) disclosing any terms of the Agreement made public by the Court or otherwise available to the public in the Lawsuit using PACER; or (4) disclosing any confidentiality obligations required by this Agreement.   Plaintiffs are also permitted to communicate directly with each other about the terms of the Agreement.

**PARTIES:**

REPRESENTATIVE PLAINTIFFS:

_____
Yusef Alexander                     Date

_____
George E. Burgess                    Date

_____
Brian Campbell                       Date

_____
Lyle Johnson                         11/29/12
                                     Date

_____
Kristen Bostick                      Date

_____
Kashiem Reed                         Date

1614731.1

5

          d.     The Party is fully authorized to execute this Agreement and has not assigned, transferred or pledged all or any portion of the claims hereby released; and

          e.     The Parties separately negotiated Plaintiffs' damages from attorney's fees and costs, and did not negotiate the amount of fees and costs to be paid by Defendant under paragraph 1(e) until after the Parties settled the amount of payments and consideration to be provided to Plaintiffs net of fees and costs under paragraphs 1(a)-(b).

     **9.**     **Continuing Jurisdiction:** Nothing in this Agreement is intended to limit the Court's authority to retain continuing and exclusive jurisdiction over the Parties to this Agreement, for the purpose of the administration and enforcement of this Agreement.

     **10.**     **Confidentiality.**  Plaintiffs and Defendant agree that, unless required by law or court order, they will keep the terms of this Agreement, including all payments made by Defendant completely confidential. Nothing in this section, however, shall prevent Plaintiffs or Defendant from (1) disclosing the terms of the Agreement to spouses or to their attorneys or other advisors they consult for professional advice (and each such person shall be apprised of their obligation to maintain confidentiality prior to any such disclosure); (2) disclosing facts or information contained or alleged in publically available documents made public through no breach of this Agreement, including but not limited to documents in the Lawsuit available to the public using PACER; (3) disclosing any terms of the Agreement made public by the Court or otherwise available to the public in the Lawsuit using PACER; or (4) disclosing any confidentiality obligations required by this Agreement. Plaintiffs are also permitted to communicate directly with each other about the terms of the Agreement.

**PARTIES:**

                         **REPRESENTATIVE PLAINTIFFS:**

| | |
|---|---|
| Yusef Alexander | Date |
| George E. Burgess | Date |
| Brian Campbell | Date |
| Lyle Johnson | Date |
| Kristen Bostick | 11-26-12  Date |
| Kashiem Reed | Date |

d.      The Party is fully authorized to execute this Agreement and has not assigned, transferred or pledged all or any portion of the claims hereby released; and

e.      The Parties separately negotiated Plaintiffs' damages from attorney's fees and costs, and did not negotiate the amount of fees and costs to be paid by Defendant under paragraph 1(e) until after the Parties settled the amount of payments and consideration to be provided to Plaintiffs net of fees and costs under paragraphs 1(a)-(b).

9.      **Continuing Jurisdiction:** Nothing in this Agreement is intended to limit the Court's authority to retain continuing and exclusive jurisdiction over the Parties to this Agreement, for the purpose of the administration and enforcement of this Agreement.

10.     **Confidentiality.**  Plaintiffs and Defendant agree that, unless required by law or court order, they will keep the terms of this Agreement, including all payments made by Defendant completely confidential.  Nothing in this section, however, shall prevent Plaintiffs or Defendant from (1) disclosing the terms of the Agreement to spouses or to their attorneys or other advisors they consult for professional advice (and each such person shall be apprised of their obligation to maintain confidentiality prior to any such disclosure); (2) disclosing facts or information contained or alleged in publically available documents made public through no breach of this Agreement, including but not limited to documents in the Lawsuit available to the public using PACER; (3) disclosing any terms of the Agreement made public by the Court or otherwise available to the public in the Lawsuit using PACER; or (4) disclosing any confidentiality obligations required by this Agreement.  Plaintiffs are also permitted to communicate directly with each other about the terms of the Agreement.

**PARTIES:**

REPRESENTATIVE PLAINTIFFS:

_____
Yusef Alexander                     Date

_____
George E. Burgess                   Date

_____
Brian Campbell                      Date

_____
Lyle Johnson                        Date

_____
Kristen Bostick                     Date

_____
Kashiem Reed                        Date

1614731.1                      5

_____    11/27/12
Al Sampson                                 Date


Approved as to form only by counsel to Plaintiffs:

_____
C. Andrew Head                             Date


DEFENDANT:

CYDCOR LLC, successor by merger of
CYDCOR, Inc.

_____
By: _____               Date


Approved as to form only by counsel to Defendant:

_____
David R. Kresser                           Date

1614731.1                          6

_____
Al Sampson                              Date


Approved as to form only by counsel to Plaintiffs:

_____  2/5/13
C. Andrew Head                      Date


DEFENDANT:

CYDCOR LLC, successor by merger of
CYDCOR, Inc.

_____  11/26/12
By: C.F.O.                          Date


Approved as to form only by counsel to Defendant:

_____  11/27/12
David R. Kresser                    Date


1614731.1                      6

| | A | B | T | U | V | W | X | Y | Z | AA | AB | AC |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | LastName | FirstName | TOTAL SETTLEMENT PTS PER MONTH | Average of Pts Per Month (excl 1 highest 1 lowest) -- Northern Region | Average of Pts Per Month (excl 1 highest 1 lowest) -- Atlanta Region | Total Settlement Points (Column T times Months Worked) | Minimum Settlement Payment | 50% of Corroborated Bonus Claim (Column M) | Service Payment: Named Plaintiff ($200), Deposition ($200) | %age of Settlement Remainder After X,Y,Z | Pro Rata Payment From Remainder After X,Y,Z | TOTAL PAYMENT |
| 2 | Adams | Karlisa | 0.00 | | | 0.00 | $200.00 | | | 0.00% | $0.00 | $200.00 |
| 3 | Bible | Nikki | 5.91 | | | 50.26 | $200.00 | $1,005.50 | | 14.46% | $5,848.71 | $7,054.21 |
| 4 | Bostick | Kristen | 12.46 | | | 37.39 | $200.00 | $150.00 | $400.00 | 10.76% | $4,351.13 | $5,101.13 |
| 5 | Brandon | Sean | 1.18 | | | 4.70 | $200.00 | | | 1.35% | $546.95 | $746.95 |
| 6 | Carey | Tony | 1.13 | | | 1.70 | $200.00 | | | 0.49% | $197.83 | $397.83 |
| 7 | Carter | Charles | 0.80 | | | 4.82 | $200.00 | | | 1.39% | $560.91 | $760.91 |
| 8 | Catron | Kamau | 0.63 | | | 1.88 | $200.00 | | | 0.54% | $218.78 | $418.78 |
| 9 | Coble | Daryl | | 2.76 | | 2.76 | $200.00 | | | 0.79% | $320.88 | $520.88 |
| 10 | Crawford | Chris | 4.96 | | | 42.19 | $200.00 | | | 12.14% | $4,909.71 | $5,109.71 |
| 11 | Demuth | Joshua | 3.30 | | | 9.90 | $200.00 | | | 2.85% | $1,152.08 | $1,352.08 |
| 12 | Dye | Johnny | 0.21 | | | 1.80 | $200.00 | | | 0.52% | $209.47 | $409.47 |
| 13 | Farmer | David | 2.15 | | | 4.30 | $200.00 | | | 1.24% | $500.40 | $700.40 |
| 14 | General | Dexter | | 2.76 | | 1.38 | $200.00 | | | 0.40% | $160.44 | $360.44 |
| 15 | Goldsmith | Walter | | | 1.53 | 0.76 | $200.00 | | | 0.22% | $88.80 | $288.80 |
| 16 | Harmon | Krista | 2.40 | | | 7.20 | $200.00 | | | 2.07% | $837.87 | $1,037.87 |
| 17 | Hartnett | Steven | 3.91 | | | 27.39 | $200.00 | | | 7.88% | $3,187.41 | $3,387.41 |
| 18 | Hatchett | Craig | 0.00 | | | 0.00 | $200.00 | | | 0.00% | $0.00 | $200.00 |
| 19 | Head | Jonathan | 1.40 | | | 6.30 | $200.00 | | | 1.81% | $733.14 | $933.14 |
| 20 | Jernigan | Christopher | | | 1.53 | 4.58 | $200.00 | | | 1.32% | $532.77 | $732.77 |
| 21 | Johnson | Lyle | 2.81 | | | 23.89 | $200.00 | $300.00 | $200.00 | 6.87% | $2,780.11 | $3,480.11 |
| 22 | Jones | Charlene | | | 1.53 | 7.63 | $200.00 | | | 2.20% | $887.95 | $1,087.95 |

| | A | B | T | U | V | W | X | Y | Z | AA | AB | AC |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 23 | Kinder | Kristen | 0.00 | | | 0.00 | $200.00 | $50.00 | | 0.00% | $0.00 | $250.00 |
| 24 | Martin | Bridgette | | | 1.53 | 6.10 | $200.00 | | | 1.76% | $710.36 | $910.36 |
| 25 | Mason | Emily | | | 1.53 | 3.05 | $200.00 | | | 0.88% | $355.18 | $555.18 |
| 26 | Palmer | John | 0.00 | | | 0.00 | $200.00 | | | 0.00% | $0.00 | $200.00 |
| 27 | Reed | Kashiem | 4.73 | | | 23.63 | $200.00 | $1,350.00 | $400.00 | 6.80% | $2,749.27 | $4,699.27 |
| 28 | Safford | Emory | | 2.76 | | 2.76 | $200.00 | | | 0.79% | $320.88 | $520.88 |
| 29 | Sampson | Alfonsia | 1.95 | | | 16.54 | $200.00 | $100.00 | $200.00 | 4.76% | $1,924.78 | $2,424.78 |
| 30 | Talley | Eric | 0.06 | | | 0.30 | $200.00 | | | 0.09% | $34.91 | $234.91 |
| 31 | Taylor | Kim | | | 1.53 | 4.58 | $200.00 | | | 1.32% | $532.77 | $732.77 |
| 32 | Tollefson | Ben | | | 1.53 | 2.29 | $200.00 | | | 0.66% | $266.39 | $466.39 |
| 33 | Walls | Polaris | 1.11 | | | 9.47 | $200.00 | | | 2.72% | $1,101.46 | $1,301.46 |
| 34 | Washington | Robert | 2.12 | | | 10.60 | $200.00 | | | 3.05% | $1,233.54 | $1,433.54 |
| 35 | Weber | John | 3.94 | | | 13.80 | $200.00 | $200.00 | | 3.97% | $1,605.93 | $2,005.93 |
| 36 | Wittman | Lawrence | 1.51 | | | 12.85 | $200.00 | | | 3.70% | $1,494.91 | $1,694.91 |
| 37 | Wynn | Desmona | | | 1.53 | 0.76 | $200.00 | | | 0.22% | $88.80 | $288.80 |
| 38 | | | | | | 347.55 | $7,200.00 | $3,155.50 | $1,200.00 | 100.00% | $40,444.50 | $52,000.00 |
| 39 | | | | | | | | | | | | |
| 40 | | | | | | | Total Remainder After X,Y,Z For Pro Rata Payments: | | | | | |
| 41 | | | | | | | $40,444.50 | | | | | |
| 42 | | | | | | | | | | | | |
| 43 | | | | | | | Apportionment: 50% W-2, 50% 1099 | | | | | |

|   | A | B | C | D | E | F | G | H | I |
|---|---|---|---|---|---|---|---|---|---|
| 1 | Name | Approx Max Total Unpaid OT Claimed | Max 100% Liquidated Damages On Approx Total Unpaid OT Claimed | Approx Max Unpaid Bonus Claimed | APPROX MAX TOTAL CLAIMED | %age of Total Max Sr Sales Supervisor Claimed Amounts | Service Payment | Pro Rata Settlement Payment | TOTAL SETTLEMENT PAYMENT |
| 2 | Alexander | $7,500.00 | $7,500.00 | $14,500.00 | $29,500.00 | 40.52% | $1,000 | $14,993.13 | $15,993.13 |
| 3 | Campbell | $7,500.00 | $7,500.00 | $9,800.00 | $24,800.00 | 34.07% | | $12,604.40 | $12,604.40 |
| 4 | Burgess | $7,500.00 | $7,500.00 | $3,500.00 | $18,500.00 | 25.41% | | $9,402.47 | $9,402.47 |
| 5 | | | | | $72,800.00 | | | $37,000.00 | |
| 6 | | | | | | | | | |
| 7 | | | | | | | | | |
| 8 | | | | Apportionment: 50% W-2, 50% 1099 | | | | | |

**EXHIBIT B**

**LIMITED RELEASE OF CLAIMS, CONFIDENTIALITY, AND NON-DISPARAGEMENT AGREEMENT**

This Limited Release of Claims, Confidentiality, and Non-Disparagement Agreement ("Limited Release Agreement") is made by and between the undersigned, a current or former CYDCOR Sales Representative who filed an Opt-In Consent to join the lawsuit styled *Alexander, et al v. CYDCOR, Inc.*, 1:11-CV-01578-SCJ, U.S. District Court for the Northern District of Georgia (the "Lawsuit") by the September 7, 2012 receipt deadline set by the Court in its conditional certification order in the Lawsuit (hereinafter an "Opt-In Plaintiff") authorizing the Representative Plaintiffs in that Lawsuit to make decisions on behalf of Opt-In Plaintiffs including settlement, and Defendant CYDCOR, Inc. and its successor by merger CYDCOR LLC (the "Company," a "Defendant"). The undersigned and Defendant are each a "Party" to this Limited Release Agreement.

## RECITALS

WHEREAS, Representative Plaintiffs Yusef Alexander, George Burgess, Brian Campbell, Lyle Johnson, Kristen Bostick, Kashiem Reed and Al Sampson ("Representative Plaintiffs") filed a civil action against Defendant in the Lawsuit which the undersigned joined by filing an Opt-In Consent within the deadline;

WHEREAS, Defendant denies any violations of law and deny any liability to Plaintiffs, but in order to avoid further legal fees and expenses of litigation reached a settlement agreement with Representative Plaintiffs (the "Agreement") resulting in allocated payments to Opt-In Plaintiffs who execute this limited release within the time required; and

WHEREAS, the Representative Plaintiffs, pursuant to the authority granted to them by each Opt-In Plaintiff in their signed Opt-In Consent as filed with and approved by the Court, have agreed that any Opt-In Plaintiff must sign this limited release in order to receive their allocated settlement payment;

NOW THEREFORE, in consideration of material covenants and promises contained herein, the undersigned agrees as follows:

As a condition precedent to receiving the settlement payment allocated to the undersigned under the Agreement, the undersigned agrees as follows:

1. The undersigned agrees to settle, waive, release and discharge those claims, and only those claims, against Defendant for unpaid overtime compensation and liquidated damages under the FLSA which were within the definition of FLSA claims conditionally certified in the Court's Order [Doc. 22] in the Lawsuit limited to the time period of June 30, 2010 through June 30, 2011 defined as the "relevant period" by the Court's Order [Doc. 22] in the Lawsuit (the "Relevant

Period"), whether known or unknown that the undersigned may have or may have had as of the date the release is duly executed which arose during the Relevant Period (the "limited released claims").  No claims of any kind other than the limited released claims are being released by the undersigned, and the filing of the undersigned's Opt-In Consent in the Lawsuit shall have no *res judicata* effect on any claims not specifically released hereunder.

2.      The undersigned agrees not to disparage Defendant or any currently employed member of Defendant's management who Defendant's counsel has notified Plaintiffs' counsel is aware of this settlement as of the date of the Agreement (the identities of which may be obtained from Plaintiffs' counsel), and Defendant has agreed that any such currently employed management employee who is aware of this settlement will not disparage the undersigned.  In the event that a Party believes that this provision has been violated, the Party must provide the allegedly breaching Party with ten (10) days prior written notice of the alleged violation and opportunity to reasonably cure or refute the alleged violation by an objective person standard prior to filing any action alleging breach of this mutual non-disparagement provision.

3.      Plaintiffs and Defendant have agreed in the Agreement, and the undersigned agrees in this Limited Release Agreement, that, unless required by law or court order, they will keep the terms of the Agreement, including all payments made by Defendant completely confidential. Nothing in this section, however, shall prevent Plaintiffs (including the undersigned)or Defendant from (1) disclosing the terms of the Agreement or this Limited Release Agreement to spouses or to their attorneys or other advisors they consult for professional advice (and each such person shall be apprised of their obligation to maintain confidentiality prior to any such disclosure); (2) disclosing facts or information contained or alleged in publically available documents made public through no breach of the Agreement or this Limited Release Agreement, including but not limited to documents in the Lawsuit available to the public using PACER; (3) disclosing any terms of the Agreement or this Limited Release Agreement made public by the Court or otherwise available to the public in the Lawsuit using PACER; or (4) disclosing any confidentiality obligations required by the Agreement or this Limited Release Agreement. Plaintiffs are also permitted to communicate directly with each other about the terms of the Agreement.

OPT-IN PLAINTIFF:

_____
Signature                                Date

_____
Printed Name

2